UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>RICHARD CAIRES,<br><br>    DEBTOR.<br><br>JP MORGAN CHASE BANK, NA,<br>    PLAINTIFF,<br><br>    V.<br><br>RICHARD CAIRES,<br>    DEFENDANT. | CASE NO.    19-50934 (JAM)<br><br>CHAPTER    7<br><br><br><br><br>ADV. PRO. NO.    19-5026<br><br>RE: ECF NO.    15 |

**Appearances**

Brian D. Rich, Esq.                                                                 *Attorney for the Plaintiff*
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Mr. Richard Caires                                                               *Pro se Debtor / Defendant*

**MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO DISMISS**

Julie A. Manning, United States Bankruptcy Judge

**I.  INTRODUCTION**

On October 11, 2019, JP Morgan Chase Bank, N.A. ("JP Morgan") commenced this adversary proceeding against Richard Caires (the "Debtor") by filing a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(c), (d), and (e) (the Complaint"). On October 16, 2019, the Court entered an Order staying this adversary proceeding until further order of the Court. On March 10, 2021, the Court entered an Order Lifting Stay of Adversary Proceeding in accordance with the Memorandum of Decision and Order Denying Motion to

Dismiss, or in the Alternative, for Relief from Stay issued in the Debtor's Chapter 7 case, Case No. 19-50934.

On July 16, 2021, the Debtor filed a Motion to Dismiss the Complaint (the "Motion to Dismiss," ECF No. 15) in this adversary proceeding. On July 20, 2021, the Debtor filed an Affidavit in support of the Motion to Dismiss (the Affidavit," ECF No. 19). JP Morgan filed an Objection to the Motion to Dismiss on July 20, 2021 (the "Objection," ECF No. 20). The Court held a hearing on the Motion to Dismiss on September 21, 2021. At the close of the hearing, the Court took the Motion to Dismiss under advisement. After careful consideration of the Motion to Dismiss, the Affidavit, the Objection, the arguments made by the parties during the hearing, and under the specific facts and circumstances of this case, the Motion to Dismiss is denied.

### III.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J).

### III.    DISCUSSION

The three-count Complaint seeks to deny the Debtor's discharge under 11 U.S.C. § 727(c), 727(d), and 727(e). In the Motion to Dismiss, the Debtor states that the Complaint "refers to records that the debtor is not required by law to maintain and refers to transactions from 5 years ago as something nefarious." Although the Debtor does not cite to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court construes the Motion to Dismiss as seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Cf.*

*Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) ("pr*o se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'") (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)).

  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Bankruptcy Rule 7012(b), asserts that a plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)).  A pleading cannot merely recite the elements of a cause of action or "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

  In *Iqbal*, the United States Supreme Court provided a two-step analysis to evaluate the sufficiency of a complaint in the context of a Rule 12(b)(6) motion to dismiss.  First, all allegations in the complaint, except legal conclusions or "naked assertions," must be accepted as true; second, the complaint must state a plausible claim for relief.  *Id.* at 678-79.  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining the plausibility of a claim for relief is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

  Even when reading the Motion to Dismiss to raise the strongest arguments it suggests, the Motion to Dismiss does not provide a legal or factual basis for dismissal of the Complaint.  In the Motion to Dismiss, the Debtor refers to claims and issues raised in a foreclosure action pending in Connecticut Superior Court (the "State Court Foreclosure Action") and states that the

claims in the Complaint are a "continuation of the unfair collection practices and an abuse of process by counsel for the Plaintiff that led to the filing of this Chapter 7 case to get relief from the plaintiff's abusive tactics." *See* ECF No. 15 at pg. 1. The Motion to Dismiss largely argues that dismissal of the Complaint is warranted because of events that occurred in the State Court Foreclosure Action. In this adversary proceeding, however, the Plaintiff asserts that the Debtor should be denied a discharge and seeks such relief under the Bankruptcy Code. The Complaint asserts claims that relate to the Debtor's bankruptcy case – specifically that the Debtor failed to comply with the duties required of a debtor under the Bankruptcy Code – and do not relate to claims or events in the State Court Foreclosure Action.

The Motion to Dismiss does not cite to any legal authority or otherwise provide any basis for dismissal under Rule 12(b)(6). Because the facts plead in each count of the Complaint are specific and sufficiently detailed, they must be accepted as true and are facially plausible. *See Iqbal*, 556 U.S. at 678. Therefore, the Motion to Dismiss is denied. *See Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 308-09 (N.D.N.Y. 2013) (denying dismissal for lack of subject matter jurisdiction when the defendants cited "no factual or legal basis for dismissal on that ground"); *see also Rubin v. Donoghoe*, No. CIV 3:05-CV-1644 AHN, 2006 WL 2772691, at *2 (D. Conn. Aug. 9, 2006) (denying a *pro se* defendant's motion to dismiss and noting that "[a]n unsupported argument that fails to address the allegations contained in the complaint can provide no basis on which to dismiss the complaint."). !!

## IV.    CONCLUSION

For the reasons set forth herein, it is hereby

**ORDERED:** The Motion to Dismiss is denied, and it is further

**ORDERED:** At or before 5:00 p.m. on November 3, 2021, the Clerk's Office shall serve this Order upon the Debtor via U.S. Mail at the address listed on the petition.

Dated at Bridgeport, Connecticut this 3rd day of November, 2021.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut